United States District Court
Eastern District of Michigan
Southern Division

United States of America,      )
                               )
            Plaintiff,         )
                               ) Case No. 19-20550
v.                             )
                               ) Hon. Paul D. Borman
Dorian Trevor Sykes,           )
                               )
            Defendant. Pro Se  )

## Defendant's Sentencing Memorandum
## Pursuant to Title 18 U.S.C. § 3553(a)

1). Defendant, pro se, respectfully moves this Honorable Court to consider the defendant's mitigating sentencing factors, as well as the defendant's suggested sentencing options.

### Mitigating Factors

2). The defendant was just 19 years old when he was sentenced to 17 years in federal prison for bank robbery and perjury charges. While Defendant

-1-

accepts full responsibility for his past criminal history, the impact of those 17 years spent behind the walls of various United States Penitentiaries has institutionalized the defendant to a great degree. At a very young age the defendant was thrust into the pits of the most violent prisons across America, where rehabilitation is the last thing on prison officials agenda, due to the constant anarchy of the prison environment. The defendant spent a great deal of his sentence merely trying to survive the day to day prison politics... and although the defendant made it out of prison alive... it was not without injury. The defendant left prison psychologically scarred and unable to adapt to the changes of society.

3). After serving 16½ years in prison, the defendant was merely granted 59 days in the federal half-way house at the discretion of the Federal Bureau of Prisons. These 59 days were not sufficient to enable the defendant the much needed time and available resources to help the defendant make a positive adjustment back into our society. The defendant was merely warehoused for 59 days, then turned loose into a world that was foreign to the defendant and even frightful. The defendant was

-2-

turned loose from the half-way house essentially homeless for 3 days until the defendant was able to reside with his aunt. The defendant diligently sought work, but no one would hire defendant, maybe because of his criminal history. Defendant was only home for 42 days before the instant offense --- and everyday leading up to the instant offense, Defendant felt out of place being out there in a world that had seemed to have passed him by.

### Suggested Sentencing Options

4). Defendant would ask that the court mandate in defendant's 'Judgment of Committment', an Order that defendant spend 12 months in the federal half-way house, as part of defendant's conditions of release. Also, that these 12 months be directly followed by 12 months of home confinement, as part of defendant's conditions of release. (This sentencing option would assure the Court that the defendant's method of rehabilitation won't be left to the discretion of the Federal Bureau of Prisons, who've failed in defendant's prior release coordination). The defendant needs this sought time to properly adjust and conform to

-3-

society upon release. The defendant needs the strict oversight of the Court to better ensure that defendant won't be just warehoused for another prison term, without any real chances of rehabilitation.

5). Defendant has a history of substance abuse, an issue that the defendant has never dealt with through drug-treatment. The days leading up to the instant offense the defendant returned to his drugs of choice, marijuana and cocaine. The defendant wishes to overcome his addiction, and requests that the Court Order 'RDAP-Drug Program' to be taken in the B.O.P., to be followed by drug counseling as part of his conditions of release.

6). As a sentencing option, the defendant requests that the Court Order that defendant serve his prison sentence at one of the Federal Medical Centers, and for these reasons. All Federal Medical Centers are classified as 'Administrative Facilities', meaning that all security levels are housed there, and defendant's security level wouldn't be of any issue. Federal Medical Centers offers a better method of rehabilitation that may work for the

defendant, due to the absence of steady prison violence and persistent institutional lock-down's at the various United States Penitentiaries. Federal Medical Centers offers cognitive programming, such as the RDAP - drug treatment, as well as an abundance of mental health resources that aren't otherwise available to the defendant at a federal penitentiary. Again, the defendant is requesting the strict oversight of the court, in both defendant's conditions of release planning, and the institutional environment which the defendant is to serve his prison sentence.

## Conclusion

The defendant is not seeking a specific sentence in terms of the amount of months he is to serve in prison. What the defendant is respectfully requesting, is that the Court consider the defendant's past failure being released from prison, along with the failure of the Federal Bureau of Prisons for merely warehousing defendant and releasing him without any real chances to succeed. The defendant is asking that the Court consider a method of rehabilitation that will work for the defendant.

Respectfully Submitted,
Dorian T. Sykes
Defendant, Pro Se

2-7-2020

-5-

## Certificate of Service

I hereby certify that on Febuary 7, 2020 , I deposited a copy of pleading in the U.S. Postal mailbox addressed to all parties.

Dorian T. Sykes
Dorian Trevor Sykes
Defendant. Pro Se
St. Clair County Jail
1170 Michigan Road
Port Huron, MI. 48060