UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

          Plaintiff,

v.

DORIAN TREVOR SYKES,

          Defendant.
_____/

Case No. 19-cr-20550

Paul D. Borman
United States District Judge

## OPINION AND ORDER DENYING DEFENDANT'S EMERGENCY MOTION FOR RELEASE (ECF #125)

On March 30, 2020, pro se Defendant Dorian Sykes filed (1) an Emergency Motion for Pretrial Release Due to Coronavirus Pandemic (ECF #125), and (2) a Memorandum in Support (ECF #127), and, on April 1, 2020, sent an "emergency letter" to the Court re: COVID-19 pandemic (ECF #134). While Defendant Sykes is proceeding pro se, the Court appointed Criminal Justice Act Panel Attorney Margaret Raben as standby counsel.

On April 2, 2020, the Government filed a Response and Brief (ECF #130) opposing Defendant's Emergency Motion.

As a preliminary matter, the Court clarifies that because Defendant Sykes has pled guilty to an instant bank robbery charge, a crime of violence, he is no longer on pretrial detention, but rather detained pending sentencing, as he acknowledges in the

text of his Emergency Motion and Memorandum.

This change in status is significant because the applicable release and detention statute becomes 18 U.S.C. § 3143 rather than 18 U.S.C. § 3142. Section 3143(a) states:

> (1) Except as provided in paragraph (2), the judicial officer shall order that a person who has been found guilty of an offense and who is awaiting imposition or execution of sentence, other than a person for whom the applicable guideline promulgated pursuant to 28 U.S.C. 994 does not recommend a term of imprisonment, be detained, unless the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142(b) or (c). If the judicial officer makes such a finding, such judicial officer shall order the release of the person in accordance with section 3142(b) or (c).
>
> (2) The judicial officer shall order that a person who has been found guilty of an offense in a case described in subparagraph (A), (B), or (C) of subsection (f)(1) of section 3142 and is awaiting imposition or execution of sentence be detained unless—
>
> (A)(i) the judicial officer finds there is a substantial likelihood that a motion for acquittal or new trial will be granted; or
>
> (ii) an attorney for the Government has recommended that no sentence of imprisonment be imposed on the person; and
>
> (B) the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to any other person or the community.

Defendant's Emergency Motion states that although the advisory sentencing

2

guideline range set forth in his Rule 11 plea agreement is 57-71 months, he expects to receive two government motions for downward departures for cooperation, and thus expects a minimal sentence. (ECF #125.)

Defendant's basis for his Emergency Motion is his heightened risk for receiving the COVID-19 virus while incarcerated. He is presently being held at the Sanilac County Jail. Defendant further contends that he is compromised because he suffers from diabetes. (ECF #125.)

Defendant contends that because the jail lacks necessary protective sanitary procedures, it becomes cruel and unusual punishment to detain him, and he should be released pending sentencing. (*Id.*)

Defendant's Memorandum cites to 18 U.S.C. § 3145(c), which provides for appeal from a detention order for a person "who meets the conditions of release set forth in section 3143(a)(1) or (b)(1), may be ordered released, under appropriate conditions, by the judicial officer, if it is clearly shown that there are exceptional reasons why such person's detention would not be appropriate." (ECF #127.)

Defendant advances as exceptional reasons, his inability to practice social distancing in jail cells, the shortage of sanitary necessities, no available COVID-19 testing, several inmates show COVID-19 symptoms, and the jail permits visitors. (*Id.*)

Finally, Defendant's Emergency Letter asserts that although he informed jail

personnel of a history of mental health issues, he was not provided treatment because the jail does not employ on-site mental health providers. (ECF #134.)

The Government Response asserts that, on February 18, 2020, Defendant Sykes pled guilty to bank robbery, a crime of violence, and that his relevant conduct established that he robbed two banks on August 12, 2019—just six weeks after being released from prison, having served a 12 year sentence for bank robbery, brandishing a firearm in furtherance of a crime of violence, and felon in possession of a firearm (Case # 03-cr-80028) in 2004, and for perjury for testifying falsely at his codefendant's trial (Case # 04-cr-88623) in 2005. (ECF #130.) The instant conviction provided the basis for a supervised release violation in his prior bank robbery case.

In the instant case, Defendant was ordered detained pending trial by Magistrate Judge Anthony Patti, who agreed with the Pretrial Services recommendation. (ECF #4.) District Judge Victoria Roberts, on de novo appeal, ordered his continued detention. (ECF #6.)

## DISCUSSION

On February 18, 2020, Defendant pled guilty to bank robbery. (ECF #119.) The Court accepted the plea. Sentencing is set for June 8, 2020.

The Government contends that Defendant's sole basis for relief is the COVID-19 pandemic. The Government asserts that, pursuant, to 18 U.S.C. § 3142(f)(1)(A),

4

Defendant's conviction of a crime of violence requires detention unless, pursuant to § 3143(a)(2), the Court finds (A)(i) a substantial likelihood that a motion for acquittal or new trial will be granted, or (A)(ii) the Government recommends no sentence of imprisonment AND the judicial officer finds, by clear and convincing evidence, that the person is not likely to flee or pose a danger to the safety of any other person or the community, § 3143(a)(2)(B).

The Government asserts that there is no likelihood of an acquittal, § 3143(a)(2)(A)(i), and no government recommendation of no sentence, § 3143(a)(2)(A)(ii), so the Court need not go to the next hurdle, that the Defendant prove that he is not a danger to the community, § 3143(a)(2)(B). The Government does not dispute Defendant's interpretation of § 3145(c), that a defendant may be ordered released "if it is clearly shown that there are exceptional reasons why such person's detention would not be appropriate."

The Government asserts, that Defendant cannot show, by clear and convincing evidence, that he is not a danger to the community if released, and emphasizes that these bank robberies occurred while under supervised release, and thus he could not be trusted to follow release conditions, and even less so, now, when there is very limited supervision of releasees.

The Government filed a Supplemental Response on April 3, 2020 (ECF #131) containing information from Defendant's 2003 bank robbery conviction presentence

report, stating that, in 2001, his mother had advised the probation officer "that he did not have diabetes." (03-cr-80028, PSR at ¶ 64.)

On April 3, 2020, pro se Defendant Dorian Sykes filed a 10 page, handwritten Reply, which included an incorporated memorandum of law. (ECF #132.) Defendant's certificate of service, the final page, stated, "I hereby certify that, on April 3, 2020, I faxed a copy of [this] filing to my stand-by counsel, and she [Margaret Raben] will ECF the filing to the Clerk of the Court. . . ." (*Id.*)

The Court notes that this reaffirms that Defendant Sykes, proceeding pro se, having waived his right to counsel, has submitted all his handwritten pleadings and thus, is not in danger of being denied effective assistance of counsel, because he is his advocate (counsel).

## CONCLUSION

The Court concludes that Defendant Sykes has been, and continues to be, very dangerous, and that there are no exceptional reasons to warrant granting him release. Sykes seeks release because of the COVID-19 pandemic, a questionable claim of diabetes, and allegations of non-protective sanitation conditions in the Sanilac County Jail.

The Court recognizes the dangers inherent in this pandemic, and the further concerns with regard to correctional/detention centers. At the same time, the Court accepts the Government's assertion (page 14) that there are currently no known cases

of COVID-19 at the Sanilac Jail and that jail officials have instituted precautionary measures. (ECF #130.)

While this Court takes the threat of the COVID-19 pandemic seriously and is sensitive to the risks that COVID-19 poses to incarcerated persons, the Court recognizes that post-conviction detention of dangerous criminal defendants is governed by the Bail Reform Act. 18 U.S.C. § 3143(a).

The Court finds that Defendant's request for relief is based on the possibility that he may become ill with COVID-19 at some future time. This does not create an exceptional circumstance. The Court, in following the mandates of the Bail Reform Act, finds, by clear and convincing, indeed overwhelming, evidence, that he is a serious danger to the community and denies his Emergency Motion for release pending sentencing. *See United States v. Harris*, No. 19-mj-30382, Docket No. 20 (E.D. Mich. Apr. 2, 2020); *United States v. Ellis*, No. 20-cr-20002, Docket No. 41 (E.D. Mich. Apr. 1, 2020); and *United States v. Martin*, No. 19-cr-20437, Docket No. 53 (E.D. Mich. Mar. 26, 2020).

The Court denies the request for a hearing.

Accordingly, Defendant's Motion for post-conviction pre-sentence release is DENIED.

IT IS SO ORDERED.
Dated:  April 7, 2020                                         s/Paul D. Borman
                                                              Paul D. Borman
                                                              United States District Judge