UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

United States of America,

                        No. 19-cr-20550

v.

                        Hon. Paul D. Borman

Dorian Trevor Sykes,

    Defendant.

## UNITED STATES' SENTENCING MEMORANDUM

The United States submits that a sentence at the top of the guideline range, followed by a three-year term of supervised release, is sufficient but not greater than necessary to achieve the purposes set forth in 18 U.S.C. § 3553(a)(2).

### I.    FACTUAL AND PROCEDURAL BACKGROUND

#### A. Convictions

On February 18, 2020, Dorian Sykes pled guilty to one count of bank robbery, in violation of 18 U.S.C. § 2113(a), pursuant to a Rule 11 plea agreement. (ECF No. 119, PageID.780.) He also stipulated to the conduct involved in a second count of bank robbery. (ECF No. 119, PageID.783.) The parties also agreed that the sentence would run concurrently to any sentence of imprisonment imposed for

violations of defendant's supervised release in 03-cr-80028 and 04-cr-80623. (ECF No. 119, PageID.784.) Sykes is scheduled to be sentenced on November 17, 2020.

### B. Defendant's crimes

On August 12, 2019, at approximately 9:15 a.m., Sykes entered a Citizen's Bank in Warren, Michigan. While seated at one of the customer service desks, Sykes slid the bank teller a demand note and stated, "It's a robbery, don't make it obvious and no one will get hurt. No dye packs." Sykes followed the teller to the front counter, where she removed $1,220.00 in U.S. currency from one of the drawers. Sykes grabbed the money and left the bank.

Later that day, at approximately 3:10 p.m., Sykes struck again. He entered a Comerica Bank in Oak Park, Michigan. Sykes slid a demand note to a teller that stated, "This is a robbery." Sykes also declared, "This is a robbery, give me everything, no packs and don't sound the alarm." The victim teller moved to open her teller drawer and after not being able to open it quickly enough, Sykes threatened her by saying, "put your hands up" and "don't mess with me." The victim teller instructed another employee to give Sykes money because she could not put her hands down. The employee slid $810.00 in United States currency through the opening at the bottom of safety glass towards Sykes; he grabbed it and left.

Warren Police disseminated a bulletin to area law enforcement agencies that contained bank surveillance photos of Sykes inside the Citizens Bank. On August 13, 2019, Sykes was located and arrested at the craps table at Motor City Casino, wearing the same clothing he had on during the two bank robberies the day prior.

## II.     SENTENCING GUIDELINE CALCULATIONS

The Probation Department calculated the same sentencing guideline range as the parties anticipated in the plea agreement: 57 to 71 months, based on a Total Offense Level of 21 and a Criminal History Category IV. (ECF No. 119, Page ID.782; PSR ¶¶ 77-78.)

After the PSR was issued and while in custody pending sentencing in this case, defendant was charged with a new criminal offense. *See* 67th District Court Register of Actions, attached as Exhibit A. Under the terms of the plea agreement, "[i]f the Court finds…that the offense level should be higher because, after pleading guilty, defendant…committed any crime" that "results in a guideline range higher than 57 – 71 months, the higher guideline range becomes the **agreed range**." (ECF No. 119, PageID.782.) If the Court makes such a finding, the government still requests a sentence at the top of the new agreed range.

### III. SECTION 3553(a) FACTORS

Through 18 U.S.C. § 3553(a) Congress has provided the relevant factors to be considered by sentencing courts in imposing a "sentence sufficient, but not greater than necessary." For Sykes, the most important factors to consider are the nature and circumstances of the offense, his history and characteristics, the need to reflect the seriousness of the offense, to provide just punishment, and to promote adequate deterrence. These factors support a sentence of 71 months' imprisonment.

### A. Nature and circumstances of the offense and history and characteristics of Sykes

The nature and circumstances of the offense for which the defendant has been convicted are detailed in Section I above and in the Presentence Investigation Report, and they are undeniably serious. Sykes committed not one, but two, bank robberies just six weeks after being released from a 17-year prison sentence for the same type of offense. Moreover, he was on federal supervised release in two different cases when he committed these crimes. Sykes has demonstrated by his unabated criminal behavior that he will not be deterred by restrictions and conditions placed upon him by the courts or by lengthy prison sentences.

Defendant is a serial bank robber. He is a repeat criminal offender who, over the past 23 years, has clearly demonstrated that he cannot be rehabilitated. Sykes's history paints a troubling and unmistakable picture of a person who has a complete disregard for the law. Both before and after Sykes's 17-year period of

4

incarceration, he repeated a pattern: commit a crime and then violate conditions of release or supervision by committing an additional offense. For example, Sykes received a sentence of probation after being convicted in 1997 as a juvenile of retail fraud and loitering. He violated his probation when he was arrested in January 2001 for possession of a controlled substance under 25 grams. (PSR ¶ 43). He then violated his conditions of bond when he was arrested in April 2001 for receiving and concealing stolen property. (PSR ¶ 43-44). During that arrest, he lied to officers about his age. *Id.* Due to his lies, he was placed in a juvenile holding cell and then attempted to escape. (PSR ¶ 44). For this, he was charged and convicted of resisting and obstructing an officer. *Id.* After serving a 6-month jail sentence, he was released early for entry into a Salvation Army Program. *Id.* Sykes violated and absconded from that program. *Id.* In 2002, Sykes was arrested and convicted for unlawful use of a motor vehicle. (PSR ¶ 45). He was sentenced to 6 to 30 months in custody, followed by a term of probation. He violated the terms of his probation and, while that violation warrant was active, Sykes committed the bank robbery that resulted in criminal case 03-cr-80023. (PSR ¶ 47). After Sykes pled guilty in that case and was awaiting sentencing, he committed perjury by testifying falsely in his co-defendant's trial resulting in criminal case 04-cr-80623. (PSR ¶ 48).While on federal supervised release for the bank robbery and perjury cases, Sykes committed the two bank robberies which resulted in the criminal case

5

before this Court and the two supervised release violation cases before Judge Goldsmith.

After Sykes pled guilty in this case and the two supervised release violations, Sykes committed another criminal offense while in custody pending sentencing for all three cases. On October 23, 2020, Sykes was charged in Genesee County with Possessing/Using a Cell Phone while in jail. (03-cr-80028 ECF No. 239, PageID.1416.)

Sykes has demonstrated an almost-seamless, circular pattern of criminal activity and an outright refusal to comply with court orders and obey the law, which is why the government requests a sentence of imprisonment at the top of the guideline range.

### B. Seriousness of the offense, promoting respect for law, and providing just punishment

There is no question that Sykes's crimes are violent and serious. Sykes's continued violations speak clearly to his decision to ignore the law for his own purposes. Sykes's repeated dangerous and illegal conduct clearly demonstrates a lack of respect for the law. In a case such as this, it is important to send a message that the defendant's choice to tolerated, that that the penalties for committing such crimes are severe.

### C. **Affording adequate deterrence**

The defendant's lifelong streak of criminal activity must end. While a lengthy term of incarceration may serve to deter others, the unfortunate lesson gleaned from Sykes's history is that incarceration is not a deterrent for him. Incarceration, however, may be the only way to protect the public from future criminal activities of Sykes, which upon his release from prison may be inevitable.

### D. **Protecting the public**

It is guaranteed that the public will be protected from Sykes's criminal acts for any period of time that he is incarcerated. Sykes has repeatedly demonstrated that a long period of incarceration is the only way to protect the public from his crimes. To the extent that the defendant takes advantage of any program assistance while he is incarcerated or on supervised release and those programs produce positive change in the defendant, then society will be further protected.

## IV. CONCLUSION

The United States certainly recognizes the ability and responsibility of the Court to fashion a sentence within, or perhaps, outside of a particular sentencing guideline range. The balance between imposing a sentence that accounts for all of the 3553(a) factors and properly punishes the defendant for the full extent of his criminal conduct is not a simple mathematical equation. But what is clear is that the defendant's offenses here are serious and previous contacts with the criminal justice system have failed to deter him.

For all of the above reasons, the United States respectfully requests that the Court impose a sentence of 71 months' imprisonment, followed by a three-year term of supervised release.

Respectfully submitted,

MATTHEW SCHNEIDER
United States Attorney

*/s/ Frances Lee Carlson*
Frances Lee Carlson
Assistant United States Attorney
211 W. Fort Street, Suite 2001
Detroit, Michigan 48226
frances.carlson@usdoj.gov
313-226-9100

Dated: November 10, 2020

CERTIFICATE OF SERVICE

I hereby certify that on Tuesday, November 10, 2020, I electronically filed the United States' Sentencing Memorandum with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all attorneys of record.

I further certify that on Tuesday, November 10, 2020, I caused the United States' Sentencing Memorandum to be mailed, via the U.S. Postal Service, to the following non-ECF participant:

> Dorian Trevor Sykes, #170301
> Saginaw County Jail
> 311 S. Harrison St.
> Saginaw, MI   48602

> */s/ Frances Lee Carlson*
> Frances Lee Carlson
> Assistant United States Attorney
> 211 W. Fort Street, Suite 2001
> Detroit, Michigan 48226
> frances.carlson@usdoj.gov
> 313-226-9100