UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

                                                Case No. 19-cr-20550
                                                District Judge Paul D. Borman

DORIAN TREVOR SYKES,

    Defendant.
_____/

## ORDER DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE (ECF NO. 202)

On August 30, 2021, Defendant filed a Motion for Compassionate Release Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). Defendant is presently incarcerated at USP Coleman II in Florida. Defendant asserts that the Florida Governor has issued an Executive Order barring the wearing of masks within the state, and thus prison staff are not required to wear masks when not working. Defendant further contends that prison staff has brought COVID-19 into the prison.

Defendant also contends that USP Coleman, in early August, accepted 57 inmates from another BOP facility who have COVID-19 cases. Defendant contends that as of August 17, 2021, his prison has more than 70 COVID-positive inmates. Defendant contends that many prison staff have refused vaccination. (*Id.* at PageID.1121.)

1

Defendant contends that he had his fellow inmates are not permitted to transfer out to other BOPs indefinitely.

In addition, defendant contends that USP Coleman has a contaminated water supply, and that he is experiencing H. Pylori symptoms consistent with that situation. (*Id.* at PageID.1122-23.)

Defendant contends that he has exhausted his BOP administrative remedy procedures prior to bringing this action.

Finally, he contends that given the situation at FCI-Coleman, his life is in imminent danger, and that he need not have underlying medical conditions to receive compassionate release, and that he will present a viable release plan to the Court. (*Id.* at PageID.1127.)

The Government Response in Opposition (ECF No. 203) notes that in November 2020, the Court sentenced Defendant Sykes to 68 months in prison for bank robbery. (*Id.* at PageID.1140.) He had, in fact, committed two bank robberies on August 12, 2019. (*Id.* at PageID.1142.)

The Government notes that Sykes has been fully vaccinated against COVID-19, and that his generalized fear of H. Pylori, a non-terminal illness, is wholly unsubstantiated. (*Id.* at PageID.1141-42.)

2

Finally, the Government contends that Sykes represents a clear danger to the community under § 3553(a), which this Court--this Judge noted at his sentencing, and that this clear danger continues today.

The Government notes that Defendant has a pattern of committing serious crimes, and then violating conditions of release, and conditions of supervision. (*Id.* at PageID.1144.)

Defendant has a projected release date of July 7, 2024; he has served less than half of his 68-month sentence.

The Government submitted Sykes' medical records that establish that he does not claim any underlying medical conditions that would put him at greater risk should he contract COVID-19.

The Government notes that as of September 14, 2021, there is 1 (one) COVID-19-positive inmate at his institution. (*Id.* at PageID.1148.)

The Government denies that there is an outbreak of H. Pylori at USP Coleman caused by a contaminated water supply (*Id.* at PageID.1150), and that when, if contracted, it is successfully treated with antibiotics. (*Id.*)

Finally, the Government contends that Defendant has not provided a specific request to the BOP for compassionate release in this specific motion, as to COVID-19 and H. Pylori. (*Id.* at PageID.1155.) However, the Court concludes that, even if he had done so, it would not warrant granting supervised release.

The Court has read Defendant's Reply (ECF No. 209, PageID.1440, et seq.) and finds it not credible as to alleged dangers at FCI-Coleman. On October 25, 2021, BOP Senior Regional Attorney, Tracy Knutson, confirmed that, at this time, there is one COVID-positive inmate at FCI-Coleman II, zero staff positive, and that BOP studies had determined that that there is no H. Pylori water contamination.

## CONCLUSION

The Court denies Defendant's Motion for Compassionate Release because:

(1) The § 3553(a) factors clearly establish his danger to the community if released.

(2) He has served less than 50% of his sentence. *United States v. Kincaid*, 802 F. App'x 187, 188-89 (6th Cir. 2020).

(3) Defendant's proposed release plan (ECF No. 207) lacks credibility given his criminal behavior on previous releases.

(4) Defendant has not presented extraordinary and compelling reasons that support compassionate release. (ECF No. 205.)

(5)  Defendant's rehabilitative efforts, including authoring stories and screenplays, do not support compassionate release. (ECF No. 206.)

(6)  The Court accepts Defendant's filing (ECF No. 208, September 27, 2021) that he has exhausted his administrative remedies within the BOP.

Finally, the Court denies Defendant's Motion for Appointment of Counsel (ECF No. 210, PageID.145, et seq., ECF No. 211, PageID.1460), finding his comprehensive pro se briefings have adequately raised and discussed all of his issues.

Accordingly, the Court DENIES Defendant's Motion for Compassionate Release.

SO ORDERED.

DATED: October 25, 2021

_____
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE